IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY L. WILBON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:23-cv-03139-MDH |
| | ) |
| DANIEL E. GOFF, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are several motions from Pro Se Plaintiff. Plaintiff's first Motion appears to seek a determination from this Court that certain unspecified affidavits and declarations be deemed admissible for "civil litigation." (Doc. 25). Though unclear, it appears Plaintiff seeks an order from this Court declaring certain affidavits or declarations be deemed admissible for trial or possibly other stages of litigation. To the extent Plaintiff seeks an order declaring affidavits and declarations be admissible as evidence at trial, Plaintiff's Motion is **DENIED** as premature. Plaintiff filed her Amended Complaint only last month and no trial date has been set. To the extent Plaintiff seeks a determination that certain affidavits and declarations be deemed admissible for other stages of litigation, Plaintiff's request is likewise **DENIED**. Plaintiff is instructed to follow the federal rules of civil procedure as well as the local rules of this Court as to when and how Plaintiff may rely on affidavits and declarations as attachments to motions and other filings.

Plaintiff next seeks to amend her previous Motion, wherein she sought admissibility of various affidavits. (Doc. 26). Though again unclear, Plaintiff appears to clarify the date of an Equal Employment Opportunity report referenced in the previous Motion. (Doc. 25). Because this Court

denied Plaintiff's prior Motion for an order declaring admissible certain unspecified documents, Plaintiff's Motion to Amend (Doc. 26) is **MOOT**.

Plaintiff's next Motion (Doc. 27) cites Federal Rules of Civil Procedure 26, 28, 29, 32, 33, and 36, requesting that Defendants generally admit to certain allegations. Plaintiff does not specify what alleged facts she would like Defendants to concede. To the extent Plaintiff is seeking a request for admission under F.R.C.P. 36, Plaintiff's Motion is **DENIED**. First, discovery has yet to begin in this matter, as no defendant has answered Plaintiff's Amended Complaint. Second, Rule 36(a)(1) specifies that "a party may serve on any other party a written request to admit" the truth of certain statements. Rule 36 does not permit Plaintiff to seek that this Court, as distinct from a party to the litigation, admit as true certain factual allegations.

Plaintiff's final two Motions (Docs. 28 and 32) seek leave from this Court to file certain "highly sensitive documents and records" with some level of protection. Plaintiff's first Motion (Doc. 28) appears to seek leave to redact private information in some of these documents, while the second Motion seeks to file these documents under seal. Plaintiff's Motion to file these documents under seal (Doc. 32) is **GRANTED**, which in turn renders **MOOT** her request to redact these documents (Doc. 28).

**IT IS SO ORDERED.**

**Dated: August 7, 2023**     /s/ Douglas Harpool
         **DOUGLAS HARPOOL**
         **United States District Judge**